IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **HENRY HUBBARD, JR.,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 6:15-CV-00089** |
| | § | |
| **SAFECO INSURANCE COMPANY OF** | § | |
| **INDIANA AND MICHAEL MATTAMMAL** | § | |
| **Defendants** | § | |

### NOTICE OF REMOVAL OF ACTION
### UNDER 28 U.S.C. §§ 1332 and 1441(a) (DIVERSITY)

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Safeco Insurance Company of Indiana ("Safeco") and Michael Mattammal hereby petition this Court pursuant to 28 U.S.C. §§ 1332 and 1446 for removal, on the basis of diversity jurisdiction, to the United States District Court for the Western District of Texas, Waco Division, of the action styled *Henry Hubbard, Jr. v. Safeco Insurance Company of Indiana and Michael Mattammal;* Cause No. 275,399-C, currently pending in the 169th Judicial District Court of Bell County, Texas (the "State Court case") and in support thereof would respectfully show this Court as follows:

### I.
### FACTS

1.      Plaintiff filed suit in the State Court Case on February 6, 2015, as the result of disputes regarding a claim made under his homeowners' insurance policy.  Plaintiff alleges that Safeco breached the contract of insurance with Plaintiff by failing and refusing to "properly pay Plaintiff proceeds of the Policy."  Plaintiff's Original Petition (the "Petition") at ¶ VI(I).  Plaintiff alleges that Safeco violated the Texas Deceptive Trade Practices Act, engaged in unfair settlement practices, violated the prompt payment provisions of the Texas Insurance Code, and

breached the duty of good faith and fair dealing.  Petition at pp. 3-11.  Plaintiff seeks economic damages, including but not limited to, the cost to repair his home, investigative and engineering fees, consequential damages, 18% per annum penalty, attorney's fees, punitive damages, treble damages, exemplary damages, costs of court, prejudgment interest post-judgment interest and attorneys' fees.  Safeco denies Plaintiff's claims and denies that Plaintiff is entitled to these benefits or damages.

2.      Safeco and Michael Mattammal were served with Plaintiff's Original Petition and citation on February 12, 2015.  On March 6, 2015, Defendants filed their Original Answer.  True and correct copies of all pleadings, process, orders, and correspondence served in this action are attached hereto as Exhibit "A" and incorporated herein by reference.

3.      Pursuant to Tex. R. Civ. P. 47, Plaintiff pled in his Original Petition that he is seeking damages of more than $100,000.00 but not more than $200,000.00.  Petition at ¶¶ I and IV.

4.      Complete diversity exists between the Plaintiff and Safeco now and so existed on the date of filing of the State Court case.  Plaintiff is a citizen and resident of the State of Texas.  Safeco is incorporated in Indiana and has its principle place of business in the Commonwealth of Massachusetts.  Therefore, Safeco is a citizen of Indiana and Massachusetts and not Texas.  Defendant Michael Mattammal is a Texas resident and was improperly joined to defeat diversity of citizenship jurisdiction.

5.      Plaintiff made a jury demand in the State Court case.

6.      This action is a civil action which may be removed to this Court by Safeco pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between citizens of

different states and wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

## II.
### DEFENDANT MICHAEL MATTAMMAL IS IMPROPERLY JOINED TO DEFEAT DIVERSITY JURISDICTION

7.      The test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant and there is no reasonable basis for predicting that the plaintiff might be able to recover against an in-state defendant. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004).  A reasonable basis means more than a mere hypothetical basis. *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999).  If there is no reasonable basis for recovery, then the court can conclude that the plaintiff's decision to join the in-state defendant was improper. *McDonald v. Abbot Labs,* 408 F.3d 177, 183 (5th Cir. 2005).

8.      Whether a plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).  The *Griggs* court required that the petition state specific "facts warranting liability" in order to defeat removal. *Id.* (emphasis added). "General, undocumented and non-specific statements" in the plaintiff's petition are insufficient to state claims for violations of the Insurance Code, the DTPA, common law fraud, and misrepresentation under Texas law. *Id* at 702.  Further, in order to defeat removal, the plaintiff must allege independent acts by the adjuster that violate the Insurance Code or DTPA. *See Green v. Nationwide Mut. Ins. Co.,* 2014 WL 6991277 at *4-*5 (W.D. Tex. Dec. 11, 2014)(citing *Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 544 (5th Cir. 2004)).  In this case, Plaintiff has not pled any factual allegations regarding Defendant Michael Mattammal that could

form the basis of an independent cause of action against him as opposed to the carrier. Plaintiff has alleged only that the claim was assigned to Mattammal for an inspection and that Mattammal prepared an estimate which underscoped the damage. *See* Petition at ¶ VI (E)-(G). Plaintiff does not identify any false, misleading or deceptive acts by Mattammal. Thus, Plaintiff has filed suit against Mattammal for the same reason that Plaintiff filed suit against Safeco: he is unhappy with the amount Safeco paid to settle his claim. This is not sufficient to establish a reasonable probability of recovery against Mattammal. *Green,* 2014 WL 6991277 at *5 (finding improper joinder of adjuster defendant based on allegation that adjuster "failed and refused . . . to pay underinsured motorist benefits under the applicable policy" and that adjuster "wholly failed to make a reasonable and fair offer on [the insured's] claim.") Texas law does not contemplate that adjusters like Mattammal will be held individually liable for the insurance carrier's decision on a claim. *See Ardila v. State Farm Lloyds*, 2001 WL 34109 378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Services, Inc.*, 908 S.W.2d 516 (Tex.App.-Fort Worth 1995, no writ) for proposition that adjusters do not have liability under the DTPA for lack of good faith in processing insurance claims). Defendant Michael Mattammal has been improperly joined for the sole purpose of defeating diversity jurisdiction in this Court.

### III.
### PROCEDURAL REQUIREMENTS

9.    Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

10.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the 169th Judicial District Court of Bell County, Texas promptly after the filing of this Notice.

11.     Attached hereto and incorporated herein, are the following items:

Exhibit A:     A true and correct copy of all pleadings, process, and orders served in this action.

Exhibit B:     State Court docket sheet.

Exhibit C:     List of all counsel of record.

Exhibit D:     Index of all documents filed with the Court.

WHEREFORE, PREMISES CONSIDERED, Defendants Safeco Insurance Company of Indiana and Michael Mattammal request that this action be removed from the 169th Judicial District Court of Bell County, Texas to the United States District Court for the Western District of Texas, Waco Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:     (512) 472-7700
Facsimile:     (512) 472-0205


By:  /s/ Laura D. Tubbs
          Catherine L. Hanna
          State Bar No. 08918280
          Email:  channa@hannaplaut.com
          Laura D. Tubbs
          State Bar No.  24052792
          Email:  ltubbs@hannaplaut.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded via facsimile on this 16th day of March, 2015 to:

***Via Facsimile (210) 305-4219***
Wes Holland
William N. Allan, IV
Allan, Nava, Glander & Holland, PLLC
825 W. Bitters Road, Suite 102
San Antonio, Texas  78216
*Attorneys for Plaintiff*

                                                    */s/ Laura D. Tubbs*
                                                    Laura D. Tubbs

# EXHIBIT "A"



Filed 2/6/2015 9:46:39 AM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Lacey Martindale , Deputy

CAUSE NO. 275,399-C

| | | |
|---|---|---|
| HENRY HUBBARD, JR.<br>Plaintiff | § § § | IN THE DISTRICT COURT |
| VS. | § § | 169TH JUDICIAL DISTRICT |
| SAFECO INSURANCE<br>COMPANY OF INDIANA<br>AND MICHAEL MATTAMMAL<br>Defendants | § § § § | BELL COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES HENRY HUBBARD, JR. ("Plaintiff"), complaining of SAFECO INSURANCE COMPANY OF INDIANA ("Safeco") and MICHAEL MATTAMMAL ("Mr. Mattammal") (collectively, "Defendants"), and for such cause of action respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff currently seeks monetary relief over $100,000, but not more than $200,000. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, HENRY HUBBARD, JR., is a resident of Bell County, Texas.

Defendant, SAFECO INSURANCE COMPANY OF INDIANA, is a corporation engaged in the business of insurance in this state. It may be served with process by serving its

registered agent, Corporation Service Company, by certified mail, return receipt requested, at 211 East 7th Street, Suite 620, Austin, TX 78701-3218. Plaintiff requests service at this time.

Defendant, MICHAEL MATTAMMAL, is a Texas citizen residing in Texas and may be served with process by certified mail, return receipt requested, at 11215 Research Blvd, Apt 2139, Austin, TX 78759-4959. Plaintiff requests service at this time.

### III. AGENCY AND RESPONDEAT SUPERIOR

Whenever in this petition it is alleged that Defendants did any act or thing, it is meant that Defendants themselves or their agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

### IV. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court. Pursuant to Texas Rule of Civil Procedure 47 regarding Claims for Relief, the Plaintiff seeks monetary relief in an aggregate amount over $100,000, but not more than $200,000.

Venue is proper in Bell County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Bell County, Texas.

### V. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

## VI. FACTS

A.    Plaintiff is the owner of a Texas Homeowners Policy No. OY6481742, issued by Safeco (the "Policy").

B.    Plaintiff owns the insured property, which is specifically located at 2003 Carousel Dr., Killeen, Texas 76543 (the "Property").

C.    Safeco, or its agent, sold the Policy, insuring the Property, to Plaintiff.

D.    In or about March 2014, Plaintiff experienced a storm that damaged the Property. In its track, the storm left behind widespread damage to the Property, Plaintiff's home.

E.    The Plaintiff immediately submitted a claim to Safeco. Safeco assigned an adjuster, Michael Mattammal ("Mr. Mattammal"), to adjust the claim. Safeco assigned claim number 872224375039 to Plaintiff's claim.

F.    Mr. Mattammal, on behalf of Safeco, inspected Plaintiff's property after the storm. During the inspection, Mr. Mattammal, on behalf of Safeco, was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying the damage done to Plaintiff's home.

G.    Mr. Mattammal, on behalf of Safeco, prepared a repair estimate, which vastly under-scoped the actual covered damages to the home. Based upon Mr. Mattammal's estimate, Safeco determined that only $2,498.47 was due on Plaintiff's claim.    Thus, Defendants demonstrated they did not conduct a thorough investigation of the claim.

H.    Defendants failed to fairly evaluate and adjust Plaintiff's claim as they are obligated to do under the Policy and Texas law. By failing to properly investigate the claim and wrongfully denying full coverage to Plaintiff, Defendants engaged in unfair settlement practices by misrepresenting material facts to Plaintiff.

I.     Defendants failed to perform their contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendants failed and refused to properly pay proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendants' conduct constitutes a breach of the insurance contract.

J.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).

K.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

L.     Defendants failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendants did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claims. Tex. Ins. Code § 541.060(a)(3).

M.    Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a

violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

N.     Defendants refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(7).

O.     Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendants' conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.055.

P.     Defendants failed to accept or deny the Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendants' conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.056.

Q.     Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendants' conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex, Ins. Code § 542.058.

R.     From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

S.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action. To date, Defendants have failed to and refused to pay Plaintiff for the proper repair of the property.

T.     The Plaintiff's experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling this type of claim. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII. THEORIES OF LIABILITY

### A.  Cause of Action for Breach of Contract

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, Defendants have the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages. As a result of these damages, which result from covered perils under the Policy, the Plaintiff's home has been damaged.

Defendants' failure and refusal, as described above, to pay the adequate compensation as they are obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendants' contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

## B. Cause of Action for Violation of Section 542

The Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures, and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of the Plaintiff's claim, Defendants did not request from Plaintiff any items, statements, and forms that they reasonably believed at that time would be required from Plaintiff for Plaintiff's claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. Additionally, if it is determined Defendants owe Plaintiff any additional monies on Plaintiff's claim, Defendants will have automatically violated Section 542 in this case.

## C. DTPA Cause of Action

The Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

The Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. The Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. The Plaintiff has met all conditions

precedent to bringing this cause of action against Safeco. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters.

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46(b)(2), (5), (7), (12) and (19) of the DTPA. In this respect, Defendants' violations include, without limitation:

A.    (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear. This gives Plaintiff the right to recover under Section 17.46(b)(2) of the DTPA;

B.    As described in this petition, Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

C.    As described in this petition, Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

D.    As described in this petition, Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

E.    Defendants have breached an express warranty that the damage caused by the subject storm would be covered under the insurance policies. This breach entitles the Plaintiff to recover under Sections 17.46(b)(12) and (19) and 17.50(a)(2) of the DTPA;

F.    Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

G.    Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D.  Cause of Action for Unfair Insurance Practices**

The Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

The Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. The Plaintiff has satisfied all conditions precedent to bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the

conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of the Plaintiff's claim and Defendants' failure to pay for the proper repair of the Plaintiff's home on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiff the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

A.   Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.   Engaging in unfair claim settlement practices;

C.   Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D.   Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability has become reasonably clear;

E.   Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F.   Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G.   Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By their acts, omissions, failures, and conduct, Defendants have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

## VIII.  WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Plaintiff.

## IX.  DAMAGES

The above described acts, omissions, failures, and conduct of Defendants caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's home and any investigative and engineering fees incurred in the claim. The Plaintiff is also entitled to recover consequential damages from Defendants' breach of contract. The Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus

prejudgment interest and attorneys fees. All the damages described in this petition are within the jurisdictional limits of the Court and exceed an aggregate amount of monetary relief more than $100,000, but not more than $200,000.

## X.  ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XI.  EXEMPLARY DAMAGES

Defendants' breach of their duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XII.  ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of

the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIII. DISCOVERY

Under the Texas Rule of Civil Procedure 194, the Defendants are requested to disclose within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (1).

The Plaintiff's Requests for Disclosure, Requests for Production, Interrogatories, and Requests for Admissions are attached, for service at the time of service of this petition, and incorporated herein by reference.

## XIV. JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

ALLAN, NAVA, GLANDER & HOLLAND, PLLC
825 W. Bitters Road, Suite 102
San Antonio, Texas 78216
Telephone: (210) 305-4220
Telecopier: (210) 305-4219
serveone@ANGlawfirm.com

By:

WES HOLLAND
State Bar No. 24007379
WILLIAM N. ALLAN, IV
State Bar No. 24012204
**ATTORNEYS FOR THE PLAINTIFF**

## PLAINTIFF'S, HENRY HUBBARD, JR., REQUESTS FOR DISCLOSURE TO DEFENDANT, SAFECO INSURANCE COMPANY OF INDIANA

TO:   SAFECO INSURANCE COMPANY OF INDIANA, Defendant

Pursuant to Rule 194, you are requested to disclose, within 50 days of service of this request, the information requested below.

### REQUESTS FOR DISCLOSURE TO DEFENDANT

**REQUEST FOR DISCLOSURE 194.2(a):** The correct name of the parties to the lawsuit.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(b):** Name, address, and telephone number of any potential parties.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(c):** The legal theories and, in general, the factual bases for your claims or defenses.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(d):** The amount and any method of calculating economic damages.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(e):** The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(f):** For any testifying expert:

(a)     the expert's name, address, and telephone number;

(b)     the subject matter on which the expert will testify;

(c)     the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, documents reflecting such information;

Plaintiff's Requests for Disclosure                                                                    1

(d)   if the expert is retained by, employed by, or otherwise subject to your control:

  (i)   all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

  (ii)   the expert's current resume and bibliography.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(g):** Any indemnity and insuring agreements.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(h):** Any settlement agreements.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(i):** Any witness statements.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(j):** All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(l):** The name, address and telephone number of any person who may be designated as a responsible third party.

**RESPONSE:**

## PLAINTIFF'S, HENRY HUBBARD, JR., FIRST REQUESTS FOR PRODUCTION TO DEFENDANT, SAFECO INSURANCE COMPANY OF INDIANA

TO:    SAFECO INSURANCE COMPANY OF INDIANA, Defendant

Instructions: Pursuant to the provisions of TEX. R. CIV. P. 196, you are hereby requested to produce the below-designated documents.

Pursuant to Rule 196.3, you are requested to serve responses and originals or copies of the originals at the law offices of ALLAN, NAVA, GLANDER & HOLLAND, PLLC. Pursuant to Rule 196.2, a Response to these Requests shall be served within fifty (50) days after receipt of the Requests.

Pursuant to Rule 196.3, the documents must be produced as they are kept in the usual course of business, or organized and labeled to correspond to the requests for production.

As used herein, the following terms shall have the meaning indicated below:

A.    "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

B.    "Document" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, including but without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- and intra-office communications, statements, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original. If any document requested to be identified was, but is no longer in your possession or control or is no longer in existence, state whether it is (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others and, if so, to whom, or (4) otherwise disposed of; and in each instance explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

C.    "You and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other persons acting for said "party".

Plaintiff's Requests for Production                                                                    1

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  The insurance policy in effect on the date of Plaintiff's claim(s) making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**  The entire claims investigation files generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiff's claim(s) making the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**  All training and educational materials which instruct Defendant's claims adjusters or claims handlers in handling claims for property damage coverage under Defendant's homeowners' insurance policies in Texas.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**  All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage for property damage, hurricane damage, hail, water damage, roof and/or wind damage under Defendant's homeowners' insurance policies in Texas.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**  All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, including the criteria for and the process for evaluating whether coverage exists under Defendant's homeowners' insurance policies in Texas.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, hurricane damage, hail, water damage, roof damages, and/or wind damage to the house, including the criteria, for and the process for, evaluating whether coverage exists under Defendant's homeowners' insurance policies in Texas.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  All communications and documents, including electronic, between Defendant and Plaintiff regarding Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All communications and documents, including electronic, between Defendant and any third party regarding Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All communications and documents, including electronic, between Defendant and any other Defendant(s) regarding Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All communications and documents, including electronic, between Defendant's business departments, including all persons part of the Defendant company, regarding Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All communications and documents Defendant sent to any other Defendant(s) in this cause of action regarding Plaintiff or the Property, after Plaintiff's claim(s) for coverage.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All photographs, diagrams, drawings, or other graphic depictions of Plaintiff or the Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** Any and all documents, reports, data, emails, notes, photos, videos, manuals, guides, and summaries regarding the insurance claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All reports and other documents from governmental agencies or offices regarding Plaintiff's Property or containing officially kept information regarding Plaintiff's Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiff under Plaintiff's

homeowner insurance policy/policies with Defendant, specifically regarding damage to the exterior and interior of Plaintiff's Property. This request is limited to the last ten (10) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Any and all records and/or documents explaining criteria utilized to qualify vendors for the "approved vendors list."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** Any and all records and/or documents maintained by person(s) responsible for maintaining and updating the "approved vendors list."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** Any and all records and/or documents maintained by person(s) responsible for creating the criteria utilized to qualify vendors, including contractors and roofing companies, for the "approved vendors list."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** All documents, including reports, estimates, data, emails, testing, sampling, videos, and photographs received by Defendant regarding inspections of Plaintiff's Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiff's Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage under Defendant's homeowner insurance policies in Texas.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage, hurricane damage, hail, water damage, hail damage, roof damage, and/or wind damage under homeowner insurance policies in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling Defendant's first property insurance claims, or avoiding charges of bad faith. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** All materials meant to instruct and guide Defendant's claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060 and/or Article 21.21. This request is specifically limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** All materials meant to instruct and guide Defendant's claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055 et seq. and/or Article 21.55. This request is specifically limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income. This request is limited to the last five (5) years.

**RESPONSE:**

Plaintiff's Requests for Production

5

**REQUEST FOR PRODUCTION NO. 30:** Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits filed by insured against Defendant regarding the handling, review and/or adjusting of homeowner insurance claims in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** Any and all materials, handouts, manuals, outlines, articles and/or documents used or relied upon by Defendant to conduct any seminars and/or continuing education classes for Defendant's employees and/or independent adjusters, regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant to claims representatives and/or adjusters, or received by claims representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** Any and all reference materials, handouts, manuals, outlines, articles, and/or documents distributed and/or disbursed to Defendant's employer, employees, agents and/or representatives in connection with attendance at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and property damage, hurricane claims, hail, water damage, roof damage claims and/or wind damage claims in Texas, within the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** Any and all materials reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims,

roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** Any and all materials, documents, files and/or reports sent to Defendant by its employer, employees, agents, and/or representatives on a monthly, weekly, or daily basis regarding Plaintiff's claim(s). Include any and all field notes and summaries of the room-by-room scope of Plaintiff's Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** Any and all materials, documents, files, and/or reports containing list(s) of contractors and/or roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas, specifically related to homeowner insurance claims. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:** Any and all computer programs, electronic data, documents, and/or manuals used by the adjusters and claims representatives to perform property damage estimates relating to homeowner insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiff's claim(s). This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:** Any and all reference materials, handouts, manuals, outlines, articles, and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:** Any and all materials, documents, files and/or reports of contractors and roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:** Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate Plaintiff's claim(s) made the basis of this lawsuit, prepared on behalf of the Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:** Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiff's claim(s) asserted in this lawsuit, prepared on behalf of Defendant. This request is limited to the State of Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:** A complete copy of the entire personnel file(s) of any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:** The most recent address maintained on file for any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:** Any and all documents and/or claim files for persons or entities that have filed property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage claims that have been adjusted by any adjusters and/or adjusting companies on behalf of Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:** Any and all activity logs relating to Plaintiff's claim(s) for property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage to Plaintiff's property, and specifically, the claim(s) made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:** Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:** Any and all organizational charts for Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:** Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiff's claim(s) was assigned.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:** Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:** Any and all claims and underwriting files for each claim involving property damage, hurricane damage, hail, water damage, roof dan1age, and/or wind damage made against Defendant, investigated by any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit in Texas, This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:** Any and all demand letters received by Defendant after the handling of a claim involving property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage that was adjusted by any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:** Any and all documents reflecting or relating to Defendant's decision to pay or deny additional expenses to or on behalf of Plaintiff in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:** Any and all records reflecting payment to Plaintiff's claim(s) made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:** Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:** Any and all documents relating to or reflecting any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:** Any and all documents relating to the assignment of Plaintiff's claim(s) to any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit, from the time of hiring through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:** Any and all documents relating to or reflecting referrals of vendors to Plaintiff or any insured.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:** If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:** Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to the Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:** Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiff and any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present, and any other entities with whom Defendant worked or communicated regarding the Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 62:** All physical or tangible items and/or potentially usable evidence obtained by, or on behalf of, Defendant from the scene of the occurrence made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 63:** Any and all indemnity agreements between Defendant and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 64:** Any and all complaint policies and procedures regarding the handling by Defendant of complaints made by insured homeowners. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:** Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 66:** All non-privileged e-mails regarding the investigation, adjusting, and/or handling of the claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 67:** All e-mails between Defendant's adjusters, agents, supervisors, officers, and/or executives regarding changes in the educational programs relating to the handling of property damage, hurricane damage, hail, water damage, and/or roof damage claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 68:** All computer files, databases, electronically-stored information or computer-stored information regarding property damage, hurricane damage, water damage and/or roof damage that have been compiled, prepared, and/or supervised by Defendant, whether or not they are in Defendant's possession or in the possession of another entity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 69:** True and complete copies of all billing records from any and all independent adjusters regarding the claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 70:** True and complete copy of activity logs filed by the staff and independent adjusters on the file pertaining to the claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 71:** Any and all reports, documents, or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 72:** True and complete copies of all billings on the file from the independent adjusters, including the time sheets or documentation used to justify the billings.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 73:** Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses, and vendors on this file including but not limited to dates, changes and requests made by the adjusters. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 74:** Any and all correspondence and lawsuits involving vendors, staff or management involved with property claims, property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage claims from 2000 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 75:** Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of Defendant's claims files, management of property damage, hail, water damage, roof damage and/or wind damage claims, including staff and vendors.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 76:** Any and all answers made in previous discovery requests for lists or databases of property damage, hurricane damage, hail damage, water damage, roof damage and/or wind damage.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 77:** Any and all answers and affidavits made by Defendant and its counsel in previous discovery requests for training procedures, and training manuals for property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 78:** Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 79:** Any and all reports, documents or correspondence containing names of designated individuals who gave testimony as Person Most Knowledgeable for claims, property damage, hurricane damage, catastrophe, hail damage, water damage, roof damage, and/or wind damage claims for 2000 through the present, along with a list of the lawsuits where testimony was given.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 80:** Any and all training manuals used by vendors to train their adjusters on property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage for Defendant. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 81:** Any and all correspondence from Defendant to and from vendors regarding any instructions, procedures, changes, training, payments, and billing for property damage, hurricane, flood, wind, hail and catastrophe claims for 2000 through the present, including but not limited to computer disks, e-mails, paperwork, and manuals.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 82:** Any and all correspondence concerning issues with billing and claims handling with Defendant's vendors, and/or independent adjusting companies. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 83:** Any and all demand letters, lawsuits and/or subrogation claims filed against any of Defendant's vendors, or by any vendors against Defendant. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 84:** Any and all reports, documents or correspondence containing lists of attendees, dates, and locations of all meetings conducted by Defendant for all independent adjusters and Defendant's staff for property damage claims, hurricane damage claims, flood damage claims, wind damage claims, hail damage claims, water damage claims, and/or roof damage claims training. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 85:** Any and all reports, documents or correspondence containing lists of files with written complaints or DOI complaints on property damage, hurricane damage, wind damage, hail damage, water damage, and/or roof damage claims previously gathered and produced in earlier complaints or lawsuits. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 86:** Any and all reports, documents or correspondence containing lists of all lawsuits or disputes filed against Defendant or its entities or affiliates

nationwide, containing an element of property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage for 2000 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 87:** Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiff under Plaintiff's insurance policy in effect during the time of the insurance claim made the basis of this lawsuit, and which was issued by Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 88:** Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiff regarding the insurance claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 89:** Studies commissioned by Defendant, including any done by a law firm to analyze its claim management strategies, and/or to help it improve corporate profits.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 90:** Affidavits or depositions of the employee(s) who handled Plaintiff's claim(s), or their supervisors, in all other cases involving the same or similar allegations as in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 91:** The entire underwriter's file for underwriting the insurance policy made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 92:** All notes, reports, documents, or applications created and/or generated by Defendant's underwriting department relating to the insurance policy made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 93:** Please produce your Claims Service record related to the claim that forms the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 94:** Please produce your Activity Log related to the claim that forms the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 95:** Please produce your claims manual that applies or applied to this claim up to the time that you received a demand letter from Plaintiff or were served with the petition in this case.

**RESPONSE:**

## PLAINTIFF'S, HENRY HUBBARD, JR., FIRST SET OF INTERROGATORIES TO DEFENDANT, SAFECO INSURANCE COMPANY OF INDIANA

TO:   SAFECO INSURANCE COMPANY OF INDIANA, Defendant

NOW COMES HENRY HUBBARD, JR., Plaintiff in the above styled and numbered cause, and requires that SAFECO INSURANCE COMPANY OF INDIANA, Defendant, answer the following Interrogatories under the provisions of Rule 197 of the Texas Rules of Civil Procedure, and Plaintiff requires that answers to same be served upon the undersigned no later than fifty (50) days after the date of the service hereof.

### INSTRUCTIONS

The undersigned party propounds the attached questions to you under the provisions of Rule 197 of the Texas Rules of Civil Procedure. These questions are being served on your attorney and answers to the Interrogatories should, to the extent possible, be answered in the spaces provided; and if additional space is needed, please use additional sheets or the back of the preceding page. You are notified that this party specifies that the answers shall be filed and served upon the undersigned on or before the expiration of fifty (50) days from the date of the service of these questions; and the questions and your sworn answers may be offered in evidence at the trial of this lawsuit.

In answering these questions, please furnish all information available to you, including information in the possession of your attorney, or its investigators, and all persons acting in your behalf, and not merely such information known of your own personal knowledge. If you cannot answer the Interrogatory in full after exercising due diligence to secure the information, so state in your answer and, to the extent possible, answer stating whatever information or knowledge you have.

Plaintiff's First Set of Interrogatories

1

These Interrogatories are to be considered as continuing, and you are requested to provide by way of supplemental answers such additional information as you or any other person acting on your behalf may obtain which will augment or otherwise modify your answers given to the Interrogatories below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

The following terms shall have the meaning indicated below:

a.  "Person" means natural persons, corporation, partnerships, sole proprietorships, associations, or any other kind of entity or its agents, servants and employees.

b.  "Document" means any written instrument, recorded matter of whatever character, including but without limitation, contracts, letters, purchase orders, memoranda, telegrams, notes, catalogs, brochures, diaries, reports, calendars, statements, investigative reports, announcements, newspaper articles, photographs, tape recordings, motion pictures, and any carbon or photographic copies of any such material, and anything else in writing.

c.  "You" and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.

d.  "Misconduct" is defined as an activity, act, or omission to act which result in a breach of warranty, express or implied, violation of any statute, regulation, or industry standard, whether relating to safety or otherwise, or a breach of any duty of any care.

e.  "Plaintiff" is defined as the party who is propounding these Interrogatories to you and any of its agents, servants or employees.

f.  "Occurrence" shall mean the accident, event or happening as set forth in the Plaintiff's complaint that has given rise to this lawsuit.

Whenever an Interrogatory asks information concerning a document, you are requested to attach a copy of that document to your answers.

In each question wherein you are asked to identify a person, please state with respect to such person his full name, last known address and home telephone number. If the person to be identified is not a natural person (e.g. a corporation) give its name and address and principal business activity.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** State the name, address, telephone number, and position or job title of all persons answering these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:** State whether Defendant contends that any conditions precedent to Plaintiff's recovery has not been met, whether said conditions be stated in the insurance policy or required by law. If so, state what conditions have not been met.

**ANSWER:**

**INTERROGATORY NO. 3:** List the date(s) Defendant requested that Plaintiff provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiff's claim(s).

**ANSWER:**

**INTERROGATORY NO. 4:** List the date(s) Defendant received Plaintiff's notice of claim(s) for coverage for property damages, the date(s) Defendant first acknowledged Plaintiff's notice of claim(s), and in what form the notice of claim was submitted.

**ANSWER:**

**INTERROGATORY NO. 5:** State whether Defendant contends that Plaintiff did not provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiff's claim(s). If so, state what information was requested and not provided, and the dates of the requests.

**ANSWER:**

**INTERROGATORY NO. 6:** State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries, made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's insurance policy or the claim(s) made the basis of this lawsuit, including the name, address, and telephone number of the supervisor of the identified person. For any such person who is no longer an employee, agent, or representative of any defendant, please so indicate and provide the person's last known address and telephone number.

**ANSWER:**

**INTERROGATORY NO. 7:** State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's denial or payment and/or recommendation of denial or payment of Plaintiff's claims.

**ANSWER:**

**INTERROGATORY NO. 8:** State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's failure to pay for Plaintiff's full claims.

**ANSWER:**

**INTERROGATORY NO. 9:** State the cause number, style, and court for each lawsuit filed against Defendant in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code §541.060, fom1erly known as Article 21.21, or violations of Texas Insurance Code §542.055, at seq., formerly known as Article 21.55, in the handling of first party claims for property damage coverage under homeowner insurance policies.

**ANSWER:**

**INTERROGATORY NO. 10:** State the legal theories and describe the factual bases, for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060, the violation of which is alleged in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 11:** State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.055, in that Defendant followed all statutory deadlines, and by no later than the 15th day of notice of the claim (in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional IS days acknowledged receipt of the claim, commenced investigation of the claim, and requested any proper documents from Plaintiff's reasonably believed necessary to conduct such investigation, made additional requests during the investigation as necessary, and if acknowledgment of receipt of the claim was not in writing, made record of the date, manner and content, as refuted in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 12:** State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.056, in that Defendant followed all statutory deadlines by notifying Plaintiff's in writing the acceptance or rejection of Plaintiff's claim no later than the 15th business day after receipt of any requested information from Plaintiff's, (in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days), including stating the reason if rejected or explanation of why Defendant could not do so within that time, as refuted in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 13:** State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058, in that Defendant after receiving all items, statements, and forms reasonably requested and required under §542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by §542.060, except where it is found as a result of arbitration or litigation that a claim received by an insurer is invalid and should not be paid by the insurer, receiving all necessary information, Defendant did not delay in making payments for more than 60 days, as refuted in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 14:** State the name, address, and telephone number of each policyholder who gave Defendant written notice, within the last five years, of a complaint about Defendant's handling of first party claims for property damage coverage under homeowner insurance policies in Texas.

**ANSWER:**

**INTERROGATORY NO. 15:** State the name, address, and telephone number of each policyholder from whom Defendant recorded a complaint, within the last five years, about Defendant's handling of first party claims for property damage coverage under homeowner policies in Texas.

**ANSWER:**

**INTERROGATORY NO. 16:** For each complainant identified in the responses to interrogatories 14 and 15, state whether any communication was exchanged between Defendant and any Texas governmental regulatory agency regarding the complaint. If the response is yes, for any such complainant, state the name of the agency, the name of the government's representative with whom Defendant exchanged communication, and the reason for the governmental agency's involvement.

**ANSWER:**

**INTERROGATORY NO. 17:** For each investigation by a Texas governmental agency within the last five years into Defendant's practices when handling first party claims for property damage coverage under homeowner/commercial policies, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.

**ANSWER:**

Plaintiff's First Set of Interrogatories

**INTERROGATORY NO. 18:** Identify by name, address, and telephone number, all persons and or entities that have filed property damage claims, hurricane damage claims, hail damage claims, water damage claims, roof damage claims and/or wind damage claims with Defendant that have been adjusted by any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present.

**ANSWER:**

**INTERROGATORY NO. 19:** Please state whether Defendant took, or is aware of the taking of, a recorded statement and/or examination under oath of any representative, or agent of, or any person employed by, Plaintiff regarding the claim made the basis of this lawsuit. If a recorded statement and or examination under oath was taken, please state the date it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed, where the statement is currently located, and/or the last place Defendant saw a transcription of same.

**ANSWER:**

**INTERROGATORY NO. 20:** Identify by name, address, and telephone number, all persons and/or entities, agency or agents, and brokers that have issued Plaintiff's Policy.

**ANSWER:**

**INTERROGATORY NO. 21:** Identify by name, address, and telephone number, all persons and/or entities, agency or agents, and brokers that prepared Plaintiff's Policy including the Property made basis of the claim(s).

**ANSWER:**

**INTERROGATORY NO. 22:** Identify by name or company name, address, and telephone number any engineer(s) and/or engineering company(s), used to evaluate Plaintiff's claim(s), the name(s) of each prior claim each such person(s) and/or company(s) worked for Defendant, the date(s) of the reports, and the address of the Property for which the inspection was done.

**ANSWER:**

**INTERROGATORY NO. 23:** For each of the above listed engineer(s) or engineering company(s), list the compensation received from Defendant for any services and work performed in the last five years.

**ANSWER:**

## PLAINTIFF'S, HENRY HUBBARD, JR., REQUESTS FOR ADMISSIONS
## TO DEFENDANT, SAFECO INSURANCE COMPANY OF INDIANA

TO:   SAFECO INSURANCE COMPANY OF INDIANA, Defendant

NOW COMES HENRY HUBBARD, JR., Plaintiff in the above styled and numbered cause, and requires that SAFECO INSURANCE COMPANY OF INDIANA, Defendant, respond to the following Requests for Admissions, and Plaintiff requires that responses to same be served upon the undersigned no later than fifty (50) days after the date of the service hereof.

### REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Defendant's principal place of business is Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Defendant conducts the business of insurance in Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Defendant insured Plaintiff's property that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Defendant insured Plaintiff's property against wind and hail damage.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** Plaintiff's property sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Plaintiff's roof sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:** The windstorm created openings in Plaintiff's roof whereby water leaked into the interior of Plaintiff's home causing damage.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** As a result of water leaking into Plaintiff's home, Plaintiff's personal property was damaged.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** The exterior of Plaintiff's home sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:** The windstorm that damaged Plaintiff's property was a covered occurrence under Plaintiff's insurance policy with the Defendant insurance company.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:** Plaintiff's property sustained hail damage as a result of the hailstorm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:** Plaintiff's roof sustained hail damage as a result of the hailstorm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:** The exterior of Plaintiff's home sustained hail damage as a result of the hailstorm.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:** Plaintiff's personal property was damaged as a result of the hailstorm.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:** The hailstorm that damaged Plaintiff's property was a covered occurrence under Plaintiff's insurance policy with the Defendant insurance company.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:** Defendant improperly and unreasonably adjusted Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:** Defendant performed an outcome-oriented investigation of Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:** Defendant did not conduct a reasonable investigation of Plaintiff's damage.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:** Defendant has unreasonably delayed payment to the Plaintiff and failed to fairly settle Plaintiff's claim even though liability was reasonably clear.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:** Defendant was not open and honest in its adjustment of Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:** Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:** Defendant misrepresented to Plaintiff that the damage to Plaintiff's Property was not covered under the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:** Defendant misrepresented to Plaintiff that the damage to Plaintiff's Property did not need to be replaced.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:** Defendant was aware that the damage to Plaintiff's Property warranted replacement and not repair.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:** Defendant took advantage of Plaintiff's lack of knowledge and experience.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:** Defendant engaged in false, misleading, and deceptive acts or practices in the business of insurance in the handling of Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:** Defendant made material false representations and/or material false promises to Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:** Defendant intended that Plaintiff would rely on these false representations, and upon which Plaintiff did reasonably rely to its detriment.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:** Defendant breached its insurance contract with Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:** Defendant failed to provide its adjuster with policies, guidelines, and/or materials pertaining to the lawful handling of insurance claims.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 31:** Defendant purposely denied and/or underpaid Plaintiff's claim in order to continue making profit off of Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 32:** Defendant provides incentives and/or bonuses to its adjusters for closing out claims without adequate payment.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 33:** Defendant provided a bonus to its adjuster in relation to Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 34:** Defendant has been reported to the Texas Department of Insurance for the mishandling of claims in the last five (5) years.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 35:** Defendant adjuster has been sued in the past five (5) years for the mishandling of claims.

**RESPONSE:**



CORPORATION SERVICE COMPANY'

# Notice of Service of Process

null / ALL
Transmittal Number: 13466973
Date Processed: 02/13/2015

| Primary Contact: | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |
|---|---|

| Entity: | Safeco Insurance Company Of Indiana<br>Entity ID Number  2780991 |
|---|---|
| Entity Served: | Safeco Insurance Company of Indiana |
| Title of Action: | Henry Hubbard, Jr. vs. Safeco Insurance Company of Indiana |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Bell County District Court, Texas |
| Case/Reference No: | 275,399-C |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 02/12/2015 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Wes Holland<br>210-305-4220 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com





server

# THE STATE OF TEXAS



## CITATION BY MAIL

### Cause No. 275399 - 0

To

**SAFECO INSURANCE COMPANY OF INDIANA**
**BY SERVING/REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET, SUITE 620**
**AUSTIN, TEXAS 78701**

**Defendant,** in the hereinafter styled and numbered cause:
You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** at or before 10:00 a.m. on the first Monday following the expiration of twenty (20) days from the date of service hereof, with the clerk of the **169TH DISTRICT COURT**, Bell County, Texas, to be held at the Bell County Justice Complex Building, District Courts in Belton, Texas, a copy of which accompanies this citation, in cause number 275399 - 0, styled

> **HENRY HUBBARD JR**
> **VS**
> **SAFECO INSURANCE COMPANY OF INDIANA**

filed in the said court on February 06, 2015.

This was issued at the request of attorney: WES HOLLAND, 825 W. BITTERS, STE. 104 SAN ANTONIO, TEXAS 78216.

**NOTICE TO Defendant:** *You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 AM on the first Monday following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.*

Witness, JOANNA STATON, District Clerk of Bell County, Texas.

Issued and given under my hand and seal of said Court at office in Belton, Texas, on February 10, 2015.

> **JOANNA STATON, District Clerk**
> Bell County, Texas
> 1201 West Huey Road
> P.O. Box 909
> Belton, Texas 76513
>
> By: _____ Deputy Clerk
>        STEWARCL

## CERTIFICATE OF DELIVERED BY MAIL

I certify that on 2/10/15 at 3:30 pm I mailed by United States Postal Service in postage prepaid envelopes, sent by certified mail, return receipt requested, true copies of the foregoing citation along with a copy of the PLAINTIFF'S ORIGINAL PETITION attached to each such citation, all in accordance with the District Clerk standard mailing procedures, and property addressed to the following person and address:

> By: _____ Deputy Clerk
>        STEWARCL

BDC_CICM

275399


OR

## RETURN OF CITATION BY CERTIFIED MAIL

Cause No. **275399 - 0**

**HENRY HUBBARD JR**
**VS**
**SAFECO INSURANCE COMPANY OF INDIANA**

**IN THE**
**169TH DISTRICT COURT**
**BELL COUNTY, TEXAS**

**ADDRESS FOR SERVICE:**
**SAFECO INSURANCE COMPANY OF INDIANA**
**211 EAST 7TH STREET, SUITE 620**

***AUSTIN, TEXAS 78701***

Came to hand on February 10, 2015, and executed by mailing to SAFECO INSURANCE COMPANY OF INDIANA by certified mail, return receipt requested with restricted delivery, a true copy of this citation together with an attached copy of **PLAINTIFF'S ORIGINAL PETITION** to the above address.

Service upon the Defendant is evidenced by the return receipt incorporated herein and attached hereto.

signed by ____________________ and dated ____________________

This citation was not executed for the following reason: ____________________

To certify which witness my hand officially

**JOANNA STATON, District Clerk**
Bell County, Texas
1201 West Huey Road
P.O. Box 909
Belton, Texas 76513

By: ____________________ Deputy Clerk
STEWARCL

**ATTACH RETURN RECEIPT(S) WITH ADDRESSEE'S SIGNATURES UNLESS DELIVERY UNSUCCESSFUL**



U.S. POSTAGE PITNEY BOWES

ZIP 76513 $ 008.66
02 1W
0001390157 FEB. 10 2015

CERTIFIED MAIL

7014 2120 0001 4854 8630

JOANNA STATON
District Clerk
BELL COUNTY, TEXAS
1201 Huey Road • P. O. Box 909 • Belton, Texas 76513

7014 2120 0001 4854 8630 CICM/SS-AAC
#275.389-C
SAFECO INSURANCE COMPANY OF INDIANA
BY SERVING REGISTERED AGENT
CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN TX 78701-3218

Filed 3/6/2015 1:42:23 PM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Lacey Martindale , Deputy

CAUSE NO. 275,399-C

| | | |
|---|---|---|
| HENRY HUBBARD, JR., | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | |
| v. | § | BELL COUNTY, TEXAS |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA AND MICHAEL | § | |
| MATTAMMAL, | § | |
| **Defendants** | § | 169TH JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER
## AND VERIFIED PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Safeco Insurance Company of Indiana and Michael Mattammal ("Defendants") and file this Original Answer and Verified Plea in Abatement to Plaintiff's Original Petition and for such would respectfully show the Court the following:

### I.
### GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendants deny each and every, all and singular, the allegations set forth in Plaintiff's Original Petition and demand strict proof thereof by a preponderance of the evidence at the final trial of this case.

### II.
### AFFIRMATIVE DEFENSES

**Appraisal.** Defendants further aver and assert that Plaintiff has failed to satisfy all conditions precedent to bringing this suit under his homeowners' insurance policy. Specifically, Defendants reserve their right to invoke the policy's appraisal provision to resolve issues regarding the amount of loss and denies any intent to waive this right.

FWD TO CC 3/6/15

## III.
## VERIFIED PLEA IN ABATEMENT

Plaintiff alleges that Defendants acted in bad faith by failing to pay the appropriate benefits under his homeowner's insurance policy for damage caused by a storm that occurred in or about March 2014. In addition to causes of action for breach of contract and breach of duty of good faith and fair dealing, Plaintiff has also asserted causes of action for violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code. *See* Plaintiff's Original Petition at pp. 3-11.

Defendants are entitled to abatement because Plaintiff did not give written notice of his claims at least 60 days before filing suit as required by Section 17.505 of The Texas Deceptive Trade Practices Act and Section 541.154 of the Texas Insurance Code. *See also In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 176 (Tex. 1999). The applicable sections require that a person seeking damages under these statutes give written notice of their claims at least 60 days before filing suit. The written notice must include a description of the specific complaint and the amount of actual damages and expenses, including attorneys' fees, reasonably incurred in asserting the claim. Plaintiff did not serve the notice required by the DTPA and Texas Insurance Code prior to filing suit. Accordingly, Plaintiff did not provide proper notice of his claims 60 days prior to filing suit and Defendants are entitled to an abatement of this suit until 60 days after sufficient notice is provided. TEX. INS. CODE § 54.155(d); TEX. BUS. & COMM. CODE § 17.505(c), (d); *Hines v. Hash*, 843 S.W.2d 464, 468-69 (Tex. 1992).

WHEREFORE, PREMISES CONSIDERED, Defendants Safeco Insurance Company of Indiana and Michael Mattammal respectfully pray that this action be abated until 60 days after proper written notice is served in compliance with Section 541.154 of the Texas Insurance Code and Section 17.505 of the Deceptive Trade Practices Act; that upon final hearing hereof, Plaintiff

take nothing by reason of this action, that Defendants be awarded their costs of court, and for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 6000
Austin, Texas 78701
Telephone:   (512) 472-7700
Facsimile:    (512) 472-0205

By: _____
    Catherine L. Hanna
    State Bar No. 08918280
    Email: channa@hannaplaut.com
    Laura D. Tubbs
    State Bar No. 24052792
    Email: ltubbs@hannaplaut.com

**ATTORNEYS FOR DEFENDANTS**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing document has been delivered by e-service and/or facsimile on this 6th day of March, 2015 to:

<u>*Via Facsimile (210) 305-4219*</u>
Wes Holland
William N. Allan, IV
Allan, Nava, Glander & Holland, PLLC
825 W. Bitters Road, Suite 102
San Antonio, Texas 78216
*Attorneys for Plaintiff*

_____
Laura D. Tubbs

## VERIFICATION

| STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

     BEFORE ME, the undersigned authority in and for the State of Texas, on this day personally appeared Laura D. Tubbs known to me to be the same person whose name is subscribed hereto, who being first duly sworn in the manner provided by law on oath stated that she is duly qualified to make this affidavit on behalf of Safeco Insurance Company of Indiana and Michael Mattammal, Defendants in the above-entitled and numbered cause, that she has read Paragraph III of the Original Answer and Verified Plea in Abatement and the matters stated therein are within her personal knowledge and are true and correct.



Laura D. Tubbs

     SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the _____ day of March, 2015, to certify which witness my hand and official seal of office.

LISA MARIE PETRIE
Notary Public, State of Texas
My Commission Expires
AUGUST 20, 2016

Notary Public in and for the State of Texas

# EXHIBIT "B"

## Search Results

### Civil Case Data

| Case Number | Case Sequence | Cause Title | File Court | Date Filed | Style 1 / Plaintiff | Style 2 / Defendant | Judgement Date | Judgement Title | Assigned Judge |
|---|---|---|---|---|---|---|---|---|---|
| 275399 | 0 | Suit on Contract | 169 | 2015-02-06 | HUBBARD JR, HENRY | SAFECO INSURANCE COMPANY OF INDIANA | | Not Final | ADAMS |

### Party Data

| Case Number | Case Seq | Party Type | Party Name | Last Name | First Name |
|---|---|---|---|---|---|
| 275399 | 0 | SP | HENRY HUBBARD JR | HUBBARD JR | HENRY |
| 275399 | 0 | SD | SAFECO INSURANCE COMPANY OF INDIANA | SAFECO INSURANCE COMPANY OF IN | DIANA |
| 275399 | 0 | D | MICHAEL MATTAMMAL | MATTAMMAL | MICHAEL |

### Attorney Data

| Case Number | Case Seq | Attorney Name | Last Name | First Name |
|---|---|---|---|---|
| 275399 | 0 | LAURA D TUBBS | TUBBS | LAURA D |
| 275399 | 0 | WES HOLLAND | HOLLAND | WES |

### Description

| Case Number | Case Seq | Description Date | Description | Desc Seq |
|---|---|---|---|---|
| 275399 | 0 | 2015-02-06 | PLAINTIFF'S ORIGINAL PETITION BY HOLLAND | 1 |
| 275399 | 0 | 2015-02-06 | CIVIL CASE INFORMATION SHEET | 2 |
| 275399 | 0 | 2015-02-06 | EFILING CASE INFORMATION | 3 |
| 275399 | 0 | 2015-02-09 | REQUEST FOR SERVICE | 4 |
| 275399 | 0 | 2015-02-09 | EFILING CASE INFORMATION | 5 |
| 275399 | 0 | 2015-02-10 | CLERK'S COPY OF CITATION BY MAIL (2) | 6 |
| 275399 | 0 | 2015-02-17 | SERVED CICM TO MICHAEL MATTAMMAL-SIGNED BY SANDY N | 7 |
| 275399 | 0 | | .-NOT DATED | 8 |
| 275399 | 0 | | Server- Certified Mail- | 9 |
| 275399 | 0 | 2015-02-17 | SERVED CICM TO SAFECO INSURANCE COMPANY OF INDIA | 10 |
| 275399 | 0 | | 02/12/15-SIGNED BY SA.VERTREES | 11 |

| Case Number | Case Seq | Description Date | Description | Desc Seq |
|---|---|---|---|---|
| 275399 | 0 | | Server- Certified Mail- | 12 |
| 275399 | 0 | 2015-03-06 | DEFENDANTS' ORIGINAL ANSWER AND VERIFIED PLEA IN | 13 |
| 275399 | 0 | | ABATEMENT BY LAURA D TUBBS | 14 |
| 275399 | 0 | 2015-03-06 | EFILING CASE INFORMATION | 15 |

## Scheduled Settings

| Case Number | Case Seq | Court Number | Court Date | Court Time | Hearing Status | Setting Code |
|---|---|---|---|---|---|---|

No Data to Report

# EXHIBIT "C"

## LIST OF ALL COUNSEL OF RECORD

**Counsel for Plaintiff Henry Hubbard, Jr.**
Wes Holland
William N. Allan, IV
Allan, Nava, Glander & Holland, PLLC
825 W. Bitters Road, Suite 102
San Antonio, Texas  78216
(210) 305-4220 (Telephone)
(210) 305-4219 (Facsimile)

**Counsel for Defendants Safeco Insurance Company of Indiana and Michael Mattammal**
Catherine L. Hanna
Laura D. Tubbs
Hanna & Plaut, L.L.P.
211 East Seventh Street, Suite 600
Austin, Texas  78701
(512) 472-7700 (Telephone)
(512) 472-0205 (Facsimile)

# EXHIBIT "D"

<u>INDEX OF ALL DOCUMENTS FILED WITH THE COURT</u>

1.      Notice of Removal of Action Under 28 U.S.C. §§ 1332 and 1441(a) (Diversity)

2.      True and correct copies of all pleadings, process and orders served in this action

3.      State Court Docket Sheet

4.      List of all Counsel of Record