IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| HENRY HUBBARD, JR.,<br>        Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. W-15-CV-089 |
| | § | |
| SAFECO INSURANCE COMPANY<br>OF INDIANA and MICHAEL<br>MATTAMMAL,<br>        Defendants. | § | |

## MEMORANDUM OPINION
## AND ORDER

This removal action arises out of Plaintiff's claim that he was not sufficiently reimbursed for damages to his residence after a storm. He seeks recovery under various theories, including violations of various sections of the Texas Insurance Code, the Texas DTPA, breach of contract and breach of the duty of good faith and fair dealing. Plaintiff sues not only the home owner's insurance policy holder but the claims adjuster who evaluated the damages to his residence. Defendants removed the action based upon diversity jurisdiction, asserting that the claims adjuster, Michael Mattammal ("Mattammal"), was improperly joined as a defendant. Plaintiff has filed a Motion to Remand, asserting that there is a valid cause of action against Mattammal, thus destroying diversity. Having reviewed the parties' briefs, the pleadings, and the applicable legal authority, the Court is persuaded Plaintiff's motion is meritorious and should be granted.

## I. ALLEGATIONS AGAINST DEFENDANT MATTAMMAL

In the Original Petition, Plaintiff makes the following factual allegations in regard to his claims against Defendant Mattammal:

A.   Plaintiff is the owner of a Texas Homeowners Policy No. OY6481741, issued by Safeco (the "Policy").

B.   Plaintiff owns the insured property, which is specifically located at 2003 Carousel Dr., Killeen, Texas 76543 (the "Property").

C.   Safeco, or its agent, sold the Policy, insuring the Property, to Plaintiff.

D.   In or about March 2014, Plaintiff experienced a storm that damaged the Property.  In its track, the storm left behind widespread damage to the Property, Plaintiff's home.

E.   The Plaintiff immediately submitted a claim to Safeco.  Safeco assigned an adjuster, Michael Mattammal ("Mattammal"), to adjust the claim.  Safeco assigned claim number 872224375039 to Plaintiff's claim.

F.   Mr. Mattammal, on behalf of Safeco, inspected Plaintiff's property after the storm.  During the inspection, Mr. Mattammal, on behalf of Safeco, was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying the damage done to Plaintiff's home.

G.   Mr. Mattammal, on behalf of Safeco, prepared a repair estimate, which vastly under-scoped the actual covered damages to the home.   Based upon Mr. Mattammal's estimate, Safeco determined that only $2,498.47 was due on Plaintiff's claim. Thus, Defendants demonstrated they did not conduct a thorough investigation of the claim.

H.   Defendants failed to fairly evaluate and adjust Plaintiff's claim as they are obligated to do under the Policy and Texas law.  By failing to properly investigate the claim and wrongfully denying full coverage to Plaintiff, Defendants engaged in unfair settlement practices by misrepresenting material facts to Plaintiff.

I.   Defendants failed to perform their contractual duty to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendants failed and refused to properly pay proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Defendants' conduct constitutes a breach of the insurance contract.

2

J.    Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).

K.    Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

L.    Defendants failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendants did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claims. Tex. Ins. Code § 541.060(a)(3).

M.    Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

N.    Defendants refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(7).

O.    Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendants' conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.055.

P.    Defendants failed to accept or deny the Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendants' conduct constitutes a

violation of the Prompt Payment of Claims subchapter of the
Texas Insurance Code.  Tex. Ins. Code § 542.056.

Q.      Defendants failed to meet their obligations under the Texas
Insurance Code regarding payment of claims without delay.
Specifically, Defendants have delayed full payment of Plaintiff's
claim longer than allowed and, to date, Plaintiff has not yet
received full payment for Plaintiff's claim.  Defendants' conduct
constitutes a violation of the Prompt Payment Claims subchapter
of the Texas Insurance Code.  Tex. Ins. Code § 542.058.

R.      From and after the time Plaintiff's claim was presented to
Defendants, the liability of Defendants to pay the full claim in
accordance with the terms of the Policy was reasonably clear.
However, Defendants have refused to pay Plaintiff in full, despite
there being no basis whatsoever on which a reasonable
insurance company would have relied to deny the full payment.
Defendants' conduct constitutes a breach of the common law
duty of good faith and fair dealing.

Plaintiff's Original Petition, pp. 3-6.  Plaintiff asserts that the foregoing supports
claims based upon breach of contract, breach of the duty of good faith and fair
dealing, violations of Sections 541 and 542 of the Texas Insurance Code, and
violations of the Texas DTPA.

## II. DISCUSSION

The question of whether joinder is improper in a removal case arises in
connection with the requirement of 28 U.S.C. § 1441(b) that there be diversity of
citizenship among the parties to the action who are "properly joined."  A defendant
may remove on diversity grounds only "if none of the parties in interest properly
joined and served as defendants is a citizen of the State in which such action is
brought."  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007)
(quoting 28 U.S.C. § 1441(b)).  The burden of proving fraudulent or improper joinder
is a heavy one.  *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005)
(citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1991).  *See also*

*Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983), *cert. denied*, 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984); *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 992 (2005) (*Smallwood II*) ("The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."). The removing party must demonstrate either: (1) "that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts;" or (2) that there is no possibility that the plaintiff will be able to establish a valid state cause of action against the non-diverse defendant. *Green v. Amerada Hess*, 707 F.2d at 205. There is no allegation or inference of outright fraud in this case. Defendants merely assert that Plaintiff has no viable cause of action against Mattammal.

Removal cases raise significant federalism concerns as "the effect of removal is to deprive the state court of an action properly before it." *Gasch*, 491 F.3d at 281-282 (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995)). "The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood II*, 385 F.3d at 573. In making such a determination, the Court must "resolve any questions of material fact, and any ambiguity or uncertainty in the controlling state law, in [Plaintiffs'] favor." *Griggs*, 181 F.3d at 699.

In determining whether a party was improperly joined, the Court must analyze the causes of action alleged in the state court petition at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). The Court must evaluate all factual allegations in the state court pleadings in the light most favorable to the plaintiff, must resolve all contested issues of fact in favor of the plaintiff, and then must examine relevant state law and resolve all uncertainties in favor of the plaintiff. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462-63 (5th Cir. 2003), *cert. denied*, 546 U.S. 813, 126 S.Ct. 335, 163 L.Ed.2d 48 (2005). In a few cases "in which the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the court "may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood II*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n. 10 (5th Cir. 2000)). Nothing before the Court indicates that a "piercing" of the pleadings is required.

In analyzing Plaintiff's claims, the analysis does not focus on whether the plaintiff "will actually or even probably prevail on the merits of the claim," but whether there is "a *possibility* that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997), *cert. denied*, 523 U.S. 1072, 118 S.Ct. 1511, 140 L.Ed.2d 665 (1998) (emphasis added). "'If there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," then there is no fraudulent joinder,' "and the case must be remanded for lack of diversity."'" *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Badon*, 236 F.3d at 286 (quoting *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir.), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993))).

6

The court must analyze the state court petition in effect at the time of removal to determine whether it provides a reasonable basis to believe that the plaintiff may recover against the non-diverse defendant under Texas law. *Smallwood*, 385 F.3d at 573-74. If the state court petition provides a reasonable basis for recovery on just one cause of action, the entire case must be remanded. *Grey v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

Texas notice pleadings should apply in conducting this analysis since application of the more rigorous Federal standards could not have been anticipated at the time the petition was filed. Although the Fifth Circuit has not directly addressed this issue in a published opinion, it has applied the Texas "fair notice" standard in an unpublished opinion when analyzing the improper joinder issue. *See De La Hoya v. Coldwell Banker Mex. Inc.*, 125 Fed.Appx. 533, 537-38 (5th Cir. 2005). Numerous district courts have also applied this standard. *See Esteban v. State Farm Lloyds,* 23 F.Supp.3d 723, No. 3:13-CV-3501-B (N.D.Tex. May 22, 2014); *Arana v. Allstate Texas Lloyds*, 2013 WL 2149589, No. 3:13-CV-0750-D (N.D.Tex. May 17, 2013); *Stevenson v. Allstate Texas Lloyds*, 2012 WL 360089, No. 11-cv-3308 (S.D.Tex. Feb. 1, 2012); *Delaney v. GEO Group, Inc.*, 2012 WL 3526789, No. SA-12-CV-541-XR (W.D.Tex. Aug. 14, 2012); *McDaniel v. JP Morgan Chase Bank, N.A.*, 2012 WL 6114944, No. 1:12-CV-392 (E.D.Tex. Dec. 10, 2012); *Myers v. Allstate Texas Lloyd's*, 2011 WL 846083, No. 1:10-CV-172, (E.D.Tex., March 8, 2011); *Edwea, Inc. v Allstate Ins. Co.*, 2010 WL 5099607, No. H-10-2970, (S.D.Tex. Dec. 8, 2010).

Texas' "fair notice" standard for pleading is embodied in Rule 47 of the Texas Rules of Civil Procedure, which requires "a short statement of the cause of action

7

sufficient to give fair notice of the claim involved." This standard "looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Edwea*, at \*3 (quoting *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000)). "The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense." *Id.* "A court must uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *Id.* (citing *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993)).

In 2013, the Texas Legislature added Rule 91a to the Texas Rules of Civil Procedure, which provides a standard for dismissal on the pleadings similar to that found in Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, the "fair notice" standard of Rule 47 of the Texas Rules of Civil Procedure remains in effect. Courts which have analyzed improper joinder since the enactment of Rule 91a have for the most part determined that the "fair notice" standard is still applicable in analyzing state-court pleadings. *See SL Pathology Leasing of Texas LLC v. Miraca Life Sciences, Inc.*, No. H-14-3723, 2015 WL 1392967 (S.D. Tex., Mar. 25, 2015) (Atlas, J.); *Puricelli v. ARNS Investments, LLC*, No. 3:14-CV-4018-M-BN, 2015 WL 500167 (N.D.Tex. Feb. 4, 2015) (Lynn, J.); *Lopez-Welch v. State Farm Lloyds*, No. 3:14-CV-2416-L, 2014 WL 5502277 (N.D.Tex., Oct. 31, 2014) (Lindsay, J.); *Oldham v. Nationwide Ins. Co. Of America*, No. 3:14-CV-575-B, 2014 WL 3855238 (N.D.Tex., Aug. 5, 2014) (Boyle, J.). Although no published Fifth Circuit opinion has directly addressed the issue, at least one unpublished opinion has continued the "fair notice" evaluation even after the passage of Rule 91a. *See Michels v. Safeco Ins.*

8

*Co. of Ind.*, 544 F.App'x 535, 538 (5th Cir. 2013).  In the absence of a definitive answer, the legal analysis should weigh in favor of Plaintiff's position.

The allegations of Plaintiff's petition in this case are sufficient to give "fair notice" to Defendants of Plaintiff's claims, specifically in regard to Plaintiff's claims under the Texas Insurance Code.  Accordingly, it is

**ORDERED** that Plaintiff's Motion to Remand is **GRANTED** and this action is hereby remanded to the 169th Judicial District Court in Bell County, Texas.  It is further

**ORDERED** that any motions not previously ruled upon by the Court are **DENIED**.

**SIGNED** this _14_ day of April, 2015.

WALTER S. SMITH, JR.
UNITED STATES DISTRICT JUDGE

9